**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE   DIVISION**

IN RE: AVRAHAM K SCHWARCZ,      *      CASE NO.   10‒10675-B-11
       ANA M SCHWARCZ


      Debtors

                             *      CHAPTER 11 PROCEEDING


## <u>DEBTORS'   PLAN OF REORGANIZATION</u>


<div style="margin-left:40%">

Eduardo V. Rodriguez
MALAISE LAW FIRM
TBN. 00795621
Federal Admissions 19945
1265 North Expressway 83
Brownsville, TX 78521
(956) 547-9638- Phone
(956) 547-9630 - Fax
Attorney for Debtor
Email: <u>evr@malaiselawfirm.com</u>

</div>

# Table of Contents

II. Introduction ................................................................................................................. 5

   2.1  The Debtors ........................................................................................................ 5

III. Plan Definitions ........................................................................................................ 5

   3.1  Definitions ......................................................................................................... 5

IV. Classification of Claims .......................................................................................... 11

   4.1  Classification ................................................................................................... 11

V.  Treatment of Classes Of Creditors & Interests ....................................................... 11

   5.1  Classes ............................................................................................................ 11

   CLASS 1:  United States Trustee .................................................................. 12

   CLASS 2:  Attorney's Fees & C.P.A. Fees .................................................. 12

   CLASS 3:  Acura Finance Services ............................................................ 12

   CLASS 4:  Alberto & Irma Medrano ........................................................... 12

   CLASS 5:  Amtrust Bank ........................................................................... 13

   CLASS 6:  Countrywide Home Lending ..................................................... 13

   CLASS 7:  Fifth Third Bank ....................................................................... 13

   CLASS 8:  First Horizon Home Loans ....................................................... 14

   CLASS 9:  Lacks Valley Stores, Ltd. .......................................................... 14

   CLASS 10:  T. D. Bank N.A. ...................................................................... 14

   CLASS 11:  Wells Fargo Home Mortgage .................................................. 15

   CLASS 12:  Unsecured ............................................................................... 15

   CLASS 13:  Insiders .................................................................................... 15

VI. Means Of Implementing The Plan ........................................................................... 16

VII. Distributions ......................................................................................................... 16

   7.1  Distribution Record Date ................................................................................. 16

   7.2  Date of Distribution ......................................................................................... 16

   7.3  Satisfaction of Claims ..................................................................................... 16

   7.4  Disbursing Agents ........................................................................................... 16

   7.5  Rights and Powers of Disbursing Agents ........................................................ 17

   7.6  Delivery of Distributions to Classes ................................................................ 17

   7.7  Manner of Payment Under Plan of Reorganization ......................................... 17

   7.8  Withholding and Reporting Requirements ....................................................... 18

7.9     Setoffs and Recoupments ......................................................................... 18

VIII. Procedures For Disputed Claims............................................................... 18

8.1     Objections to Claims ................................................................................ 18

8.2     Amendments to Claims ............................................................................ 19

8.3     Payments and Distributions with Respect to Disputed Claims .................... 19

8.4     Distributions After Allowance ................................................................... 19

8.5     Attorney's Fees ....................................................................................... 19

8.6     Estimation of Claims ............................................................................... 19

8.7     No Recourse ........................................................................................... 20

IX.     Confirmation ............................................................................................. 20

9.1     Classes Entitled To Vote .......................................................................... 20

9.2     Class Acceptance Requirement ................................................................. 20

9.3     Acceptance of the Plan And Binding Effect of Impaired Designation ........... 20

9.4     Cramdown ............................................................................................... 21

X.      Effect Of Confirmation .............................................................................. 21

10.1    Vesting of Assets ..................................................................................... 21

10.2    Binding Effect........................................................................................... 21

10.3    Discharge of Claims ................................................................................. 21

10.4    Term of Injunctions or Stays .................................................................... 22

10.5     Injunction Against Interference With Plan ................................................ 22

10.6    Injunction ................................................................................................. 22

10.7    Discharge of Debtors ............................................................................... 23

XI.     Modification Of Plan ................................................................................. 24

11.1    Prior to Confirmation................................................................................ 24

11.2    After Confirmation ................................................................................... 24

11.3    Determination of Non-Enforceability of Any Material Provision of this Plan .......... 24

XII.    Miscellaneous Provisions.......................................................................... 25

12.1    Compliance with Tax Requirements .......................................................... 25

12.2    Compliance with All Applicable Laws ........................................................ 25

12.3    Setoffs ..................................................................................................... 25

12.4    Recognition of Guarantee Rights .............................................................. 25

12.5    Individual Debtors .................................................................................... 25

XIII.   Releases & Alterations Of The Rights Of, ......................................................... 26

& Respect To Third Parties.................................................................................... 26

 13.1 Releases of Liens, Claims and Causes of Action ....................... 26

 13.2 Allowed Secured Claims ............................................................. 26

 13.3 Release of Judgment Liens ......................................................... 26

 13.4 Guarantees; Indemnities; Notes; Bonds; Etc. ........................... 27

 13.5 Release Upon Payment and Discharge ...................................... 27

 13.6 Releases ...................................................................................... 27

 13.7 Exculpations .............................................................................. 27

XIV.   Authorization & Proponents............................................................ 28

XV.    Jurisdiction Of The Court ................................................................ 28

XVI. Notices ................................................................................................ 29

XVII.   Execution & Signatures................................................................... 29

## II. Introduction

**2.1      The Debtors**

>       Avraham K. & Ana M. Schwarcz
>       1474 W. Price Road # 604
>       Brownsville, Texas 78520

## III. Plan Definitions

**3.1      Definitions**

The following terms when used in the Plan, or in the Disclosure Statement, shall, unless the context otherwise requires, have the following meanings.   A term used in the Plan and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein.   The words "herein", or "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan.   Further, some terms defined herein are defined in the sections in which they are used.

Administrative Claim means any cost, claim or expense of administration in this Chapter 11 case which has been allowed and entitled to priority in accordance with the provisions of §§330, 503(b) and 507(a) of the Code, including, any actual and necessary expenses of preserving the Debtor's estate including, without limitation, all fees and expenses to the extent allowed by the Court under §§330, 503(b) under Chapter 123 of Title 28, United States Code, to the extent incurred by the Debtor, during the case and after confirmation regarding Claims Allowance, avoidance actions, or the like (whether or not Allowed).

Allowance Date means the date an order of the Court Allowing a Claim in this Case has become a Final Order and non appealable and no appeal therefrom is pending.

Allowed Claim shall be any Claim against the Debtor, provided: (a) proof shall be in the form of a Proof of Claim which was timely and properly filed or, if no proof of Claim was filed, which has been listed by the Debtor on the Schedules as liquidated in amount and not disputed or contingent and (b) in either case, a Claim as to which no objection to the Allowance thereof has been interposed on or before the applicable period of limitation fixed by the Plan, the Code, the Rules of the Court, or order of the Court; or as to which any objection is determined in favor of a claimant, and whether or not Allowed by an order of the Court, to the extent incurred by the Debtor and not paid from sources other than Property of the Estate.   Unless otherwise specified herein or by order of the Court, "Allowed Claim" shall not include any informal claim, nor interest on any Claim for the period from and after the Petition Date unless specifically provided as a term of this

Avraham & Ana Schwarcz

Plan.   Unless a claim is an Allowed Claim, such Claim shall not be entitled to participate in any distribution under this Plan, and failure of any Claimant to take the necessary action to secure Allowance shall bar the existence of any liability of the Debtor or parties Discharged to that Claimant, and Claimant rights, if any, shall be Discharged by the confirmation of this Plan as provided by this Plan, applicable law and the Bankruptcy Code.

Allowed Secured Claim means an Allowed Claim arising on or before the petition date that is secured by a valid and perfected lien upon Property of the Estate; excluding property subject to avoidable transfers which shall be deemed not an Allowed Secured Claim or an Allowed Claim for which the debtor asserts a set off under Section 553 of the Code; to the extent of the value (which is set forth in the Schedules or if objection is made timely to the value, either agreed by the Debtor pursuant to this Plan, in writing, or in the absence of an agreement, has been determined in accordance with Section 506(a) or 1111(b) of the Code at or prior to Confirmation Date) of the interest of the holder of such Allowed Claim in Property of the Estate.   That portion of any such Secured Claim exceeding the value of security held therefore shall be a Deficiency Claim unless expressly modified by this Plan.

Avoidance Action shall mean a cause of action assertable by the Debtor or his successors pursuant to sections 542, 543, 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code.

Bankruptcy Code:   means The Bankruptcy Code of 1978 as contained in Title 11, U.S.C. §101 et seq. and the amendments thereto.   All references to any statute in this plan are references to the Bankruptcy Code as defined therein.

Bar Date:   means   the deadline for filing proofs of claims against the Debtor or any other date established pursuant to an Order of the Court with respect to any other creditor; or, with respect to any allowed Administrative Claim or Claim arising with respect to rejection of an Executory contract, such other date as this Plan, the Court or the Bankruptcy Code may establish pursuant to the Plan (or other Order) and after which any proof of Claim filed will not be Allowed, and the later filing of which will have no effect on the distributions provided in this Plan or effect the discharge or res judicata effect of any discharge or injunction provided in this Plan.   No informal filing, nor other document shall constitute a Proof of Claim except as provided in this Plan.

Claim: shall mean:

(i) any "right to payment" either directly from the Debtor or Debtor in Possession or indirectly as a result of the Debtor's liability to third parties arising out of contract (e.g. a joint guaranty), tort (e.g. subornation), legal tort (e.g. equitable claim) or arising in any respect as a tax, tax penalty or interest or charge or imposition by a Governmental Unit resulting from a pecuniary or non-pecuniary loss by any Governmental Unit, that arose on or before the Confirmation Date, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, contested, uncontested, legal, equitable, secured, or Unsecured.

(ii) or any right under 502(h);

(iii) or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, contested, uncontested, secured or Unsecured;

(iv) or any right to a remedy in equity or at law arising out of violation of any rule or regulation of a Governmental Unit and any and all priority claims of every nature; and

(v) or any right to look to the community property made property of the estate by 11 U.S.C. §541 and the marriage of the Debtor to his non-filing spouse.

Class or Classes means the particular Class designated in this Plan pursuant to Bankruptcy Code Sections 1122 and 1129 and in which Creditors' Claims may be included as provided in this Plan.

Chapter 11 Case means the Chapter 11 case now pending in the United States Bankruptcy Court for the Southern District of Texas, **AVRAHAM K. & ANA M. SCHWARCZ** filed in the U.S. Bankruptcy Court, Southern District of Texas, McAllen Division, having been commenced pursuant to 11 U.S.C. Section 101, et seq.

Confirmation Order means the signing and entry of the Order Confirming Plan entered pursuant to U.S.C. §1129, and is deemed to include in the Plan all provisions of such Order or any subsequent Amended Order Confirming the Plan, any authorized Modifications and providing for the continued operations of the Debtor and approval of this Plan.

Confirmation Date shall mean the date set by the Court pursuant to 11 U.S.C. §1128 for the hearing on Confirmation of the Plan.

Contested when used with respect to a Claim, shall mean a Claim against the Debtor (I) that is listed in the Debtor's schedule of liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtor's schedule of liabilities as undisputed, liquidated, and not contingent and as to which a proof of Claim has been filed with the Bankruptcy Court, to the extent the proof of claim exceeds the scheduled amount; (iii) that is not listed in the Debtor's schedule of debts, but as to which a proof of claim has been filed with the Bankruptcy Court; or (iv) as to which an objection has been filed.

Court: shall mean The United States Bankruptcy Court for the Southern District of Texas, McAllen Division, acting in this case.

Creditor or Claimant: shall mean any entity that has a claim against the Debtor that arose at the time of or before the filing of the petition in this case as defined in §101(4) of the Bankruptcy Code.

Avraham & Ana Schwarcz

<u>Debt</u> shall mean any liability on a Claim held by any Person, Claimant or Subordinated Unsecured Claimant.

<u>Debtors</u>: shall mean **AVRAHAM K. & ANA M. SCHWARCZ**

<u>Deficiency Claim</u> means Unsecured Claims remaining after deducting the full value of the collateral of the Secured Claimant.

<u>Discharge</u>   means the release, satisfaction and full and final settlement of a Claim on any Debt as specifically provided in this Plan with respect to the Discharged party.

<u>Disclosure Statement</u> means the Disclosure Statement pursuant to 11 U.S.C. §§ 1125 and 1126 of the Bankruptcy Code for solicitation of acceptances to the Plan, including Exhibits, and the unattached Exhibits together with any authorized and effective amendments thereto or modification thereof.

<u>Distributions Under the Plan</u>   Except as otherwise provided herein or as ordered by the Bankruptcy Court, Distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made on the first day of the month following one full month after the Effective Date, provided however, that should such Allowed Claims be paid in the ordinary course of business, the distribution date shall be such date the Allowed Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

<u>Effective Date</u> shall mean the fifteenth (15th) day   following the day of the entry of the Order confirming plan.

<u>Estate Assets or Property of the Estate</u> shall mean the estate created by 11 U.S.C. §541 on the commencement of the Chapter 11 Case consisting of all property owned by the Debtor upon the date of the filing of the Chapter 11 Case, including personal and real property, all accounts and accounts receivable, and the right to recover any Debt from any third party or Creditor, and the income or proceeds of Property of the Estate.

<u>Final Decree</u>: means the last order of the Court entered in accordance with Bankruptcy Rule 3022 pursuant to 11 U.S.C. §350.

<u>Final Order or Final Judgment</u> shall mean an order of the Court which, not having been appealed, reversed, modified or amended and not having been stayed or the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

<u>Governmental Unit</u> shall mean "governmental unit" as defined in 11 U.S.C. §101 and shall include any taxing unit and any administrative agency of any such Governmental Unit.

<u>Objection</u> shall mean a contested matter, adversary proceeding, or any counterclaim or

cross-action in any adversary proceeding initiated for the purposes of objecting to any Claim of a Creditor and shall include any action brought by a Creditor or removed to this Court after Confirmation of this Plan which deals with any Claims treated in, or arising under, or released or Discharged under this Plan or which may effect the administration of this Plan.

Payment in Full and Paid in Full means the receipt by or for the account of a Creditor of consideration the value of which equals the amount of its Allowed Claim or the amount provided in this Plan for payment to such holder of the Allowed Claim.

Person means an individual, corporation, limited liability company, partnership, joint venture, trust, estate, unincorporated organization, or a government or Governmental Unit or any agency or political subdivision thereof.

Petition Date means **October 1, 2010**, the date the Voluntary Petition was filed by the debtor.

Plan: means this Plan of Reorganization is subject to confirmation by voluntary petition under Chapter 11 of the Bankruptcy Code and now pending in this Court.

Proof of Claim shall mean the official form provided for the written filing proofs of a Debt or Claim providing for the inclusion of documentary evidence or written explanation which has been substantially completed and timely filed unless filing is not required by this Plan or the Bankruptcy Code (regarding undisputed and liquidated Claims scheduled as such) and which timely filed Proof of Claim has been signed under the penalty of perjury as provided in such official form.

Priority Tax Claim means any Claim of a Governmental Unit of the kind entitled to priority in payment as specified in Sections 502(j) and 507 (a)(8) of the Bankruptcy Code.

Pro Rata Share means the amount which is the result of multiplying the net proceeds or dividend available for distribution at any given time to a Class of Claimants by that fraction in which the numerator is the Allowed amount of the claim of the particular Creditor of the named Class and the denominator is the total of the Allowed amounts of all the Creditors' Allowed Claims of such Class.

Property of The Estate shall mean the estate created by 11 U.S.C. §541 on the commencement of the Chapter 11 case consisting of all property owned by the Debtor upon the date of filing of the chapter 11 case.

Professional Fees means those Allowed Claims for reasonable and necessary professional fees which are Allowed pursuant to this Plan and/or the 11 U.S.C. §§ 330, 503(b)(D) and entitled to priority status as administrative expenses pursuant to 11 U.S.C. §507(a)(1).

Rule(s) or Rules of the Court means the rules of procedure in bankruptcy cases applicable

to cases pending before the Court, and if made applicable, as amended from time to time, including Rules in effect, if any, regarding Chapter 11 cases.

Schedules or Scheduled means the Schedules and Statement of Financial Affairs filed in this Bankruptcy case by the debtor, including the list of assets, Creditors, Exempt Property, and including any amendments and/or supplements thereto up to and including the Confirmation Date.

Settled Claim or Settlement with respect to a Claim means a claim that is no longer contested or, whether or not an Allowed Claim, is the subject of a compromise between the debtor and the respective creditor regarding payment and additional payments from other than Property of the Estate.

 Secured Creditor means a creditor holding an Allowed Secured Claim, and may include any valid and enforceable Judgment Lien released herein.   Statutory Liens, other involuntary lines or mortgages, and voluntary liens.

Subordinated Creditors means Creditors whose Claims are subordinated: (I) in accordance with 11 U.S.C. §510 or §1129(b) by Final Order; or (ii) pursuant to this Plan.

Substantial Consummation

> All or substantially all of the property proposed by the plan to be transferred has been transferred;

> The debtor or any successor to the debtor under the plan has assumed operation of the debtor's business or assumed possession of all or substantially all of the property dealt with by the plan; and

> Distributions under the plan have commenced.

Termination Date means the day on which all payments due under this Plan have been made, whether such payments are prior to or subsequent to a Declared Default under this Plan.

Unsecured Claim shall mean a Claim or the part of a claim which is not secured by a lien, security interest or other charge against or interest in Property of the Estate in which debtor have an interest and shall include a Claim arising out of the rejection of any Executory contract under 11 U.S.C. §365 and a deficiency claim, administrative claim or any claim asserted by an affiliate or insider to the debtor, and excluding any interest, attorney's fees, costs of collection or the like not earned and due on the Petition Date and, with respect to distributions, only to the extent constituting and Allowed Unsecured Claim under this Plan.

## IV. Classification of Claims

**4.1     Classification**

An analysis of this Plan, together with a detailed history of the debtors is found in the Disclosure Statement which must be approved by the Court prior to the hearing on confirmation but not prior to the solicitation of acceptances under this Plan, and reference thereto should be made for such historic, explanatory, and financial information.   However such Disclosure Statement, as may be amended from time to time with Court approval, when and as approved is not a substitute for a full and complete reading of this Plan.   This Plan provides for resolution of all disputes with respect to property of the estate.     Pursuant to 11 U.S.C. §1122 set forth below is a designation of classes of Claims and Interests.   Administrative Expenses and Priority Claims of the kinds specified in 11 U.S.C. §507(a)(8) have not been classified and are excluded from the following classes in accordance with 11 U.S.C. §1123(a)(1):

## V.   Treatment of Classes Of Creditors & Interests

**5.1     Classes**

The following treatment shall be accorded claims or interests of the class of creditors shown:

| Class | Claim | Creditor | Impairment | Voting |
|-------|-------|----------|------------|--------|
| 1 | Priority | U.S. Trustee | Unimpaired | No (deemed to accept) |
| 2 | Priority | Attorney & C.P.A. Fees | Unimpaired | No (deemed to accept) |
| 3 | Secured | Acura Finance Services | Impaired | Yes |
| 4 | Secured | Alberto & Maria Medrano | Unimpaired | No (deemed to accept) |
| 5 | Secured | Amtrust Bank | Impaired | Yes |
| 6 | Secured | Countrywide Home Lending, Inc. | Impaired | Yes |
| 7 | Secured | Fifth Third Bank | Unimpaired | No (deemed to accept) |
| 8 | Secured | First Horizon Home Loans | Impaired | Yes |
| 9 | Secured | Lacks Valley Stores | Unimpaired | No (deemed to accept) |

| 10 | Secured | Td Bank NA | Impaired | Yes |
|----|---------|------------|----------|-----|
| 11 | Secured | Wells Fargo Home Loans | Impaired | Yes |
| 12 | Unsecured | Unsecured Creditors | Impaired | Yes |
| 13 | Insiders | Insider Class | Unimpaired | No (deemed to accept) |

**CLASS 1:    United States Trustee**

This Class is not impaired and is deemed to accept the Plan.   All United States Trustee Quarterly Fees due and owing on the date of confirmation shall be paid in full on the effective date of the Plan.    The Debtors shall be responsible for timely payment of fees incurred post-confirmation until the case is closed.   The Debtors shall file the monthly operating reports in the same format as pre-confirmation, with service on the United States Trustee for each month (or portion thereof) the case remains open.

**CLASS 2:    Attorney's Fees & C.P.A. Fees**

Unless otherwise agreed by the holder of an Administrative Claim, each Administrative Claim shall be paid in full in Cash on the later of (a) the Effective Date, (b) ten (10) days after the Administrative Claim is approved by Final Order of the Bankruptcy Court, in relation to Administrative Claims requiring Bankruptcy Court approval, or (c)  in the ordinary course of business in accordance with any related agreements, in relation to Administrative Claims that represent Debts incurred by the Debtor in the ordinary course of business during the Chapter 11 case and as to which approval of the Bankruptcy Court is not required by the Bankruptcy Code. Administrative claims include, but are not limited to: Malaise Law Firm,   and Moises Sorola.

**CLASS 3:    Acura Finance Services**

Acura Finance Services shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees. Collateral has been surrendered. Debtors are surrendering the property to the lien holder in full satisfaction of the secured claim.    Pursuant to <u>11 U.S.C. § 1129(b)(2)(A)(iii)</u> the   secured creditor will realize the indubitable equivalent of its claim.   See also <u>In re Sandy Ridge Development Corp</u>., 881 F2d 1346 (5th Cir.  1989).

**CLASS 4:    Alberto & Irma Medrano**

Alberto & Irma Medrano shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees. Avraham & Ana Schwarcz

Debtors shall continue to make monthly contractual payments at contract rate of interest until paid in full. Alberto & Irma Medrano shall retain the lien it has on the property and assets of the debtors. Default under the plan ("Plan Default") shall occur if Debtors fail to make a required monthly payment to Alberto & Irma Medrano and maintain insurance in an amount that adequately protects Alberto & Irma Medrano.  If "Plan Default" occurs, Alberto & Irma Medrano shall send written notice of default to Debtors' address of **AVRAHAM & ANA SCHWARTZ 1474 WEST PRICE ROAD, #604 BROWNSVILLE, TEXAS 78520** with a copy to debtors' attorney. If the Debtors fail to cure the Plan Default within twenty (20) days of the date that notice was sent, it is a Final Default under this Order.   Alberto & Irma Medrano is only required to send two notices of Plan Default, with opportunity to cure. If there is a third Plan Default after two (2) cures, it is a Final Default and no further notice of an opportunity to cure must be given, and Alberto & Irma Medrano may then proceed with state law remedies for collection of all amounts due under state law.

**CLASS 5:      Amtrust Bank**

Amtrust Bank shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees.   Debtors are surrendering the property to the lien holder in full satisfaction of the secured claim.    Pursuant to 11 U.S.C. § 1129(b)(2)(A)(iii) the   secured creditor will realize the indubitable equivalent of its claim.   See also In re Sandy Ridge Development Corp., 881 F2d 1346 (5th Cir.   1989).

**CLASS 6:      Countrywide Home Lending**

Countrywide Home Lending shall have an allowed secured claim in an amount specified in its proofs of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees.   Debtors are surrendering the property to the lien holder in full satisfaction of the secured claim.    Pursuant to 11 U.S.C. § 1129(b)(2)(A)(iii) the   secured creditor will realize the indubitable equivalent of its claim.   See also In re Sandy Ridge Development Corp., 881 F2d 1346 (5th Cir.   1989).

**CLASS 7:      Fifth Third Bank**

Fifth Third Bank shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees. Debtors shall continue to make monthly contractual payments at contract rate of interest until paid in full.   Fifth Third Bank shall retain the lien it has on the property and assets of the debtors. Default under the plan ("Plan Default") shall occur if Debtors fail to make a required monthly payment to Fifth Third Bank and maintain insurance in an amount that adequately protects Fifth Third Bank.   If "Plan Default" occurs, Fifth Third Bank shall send written notice of default to Avraham & Ana Schwarcz

Debtors' address of **AVRAHAM & ANA SCHWARTZ 1474 WEST PRICE ROAD, #604 BROWNSVILLE, TEXAS 78520** with a copy to debtors' attorney. If the Debtors fail to cure the Plan Default within twenty (20) days of the date that notice was sent, it is a Final Default under this Order. Fifth Third Bank is only required to send two notices of Plan Default, with opportunity to cure. If there is a third Plan Default after two (2) cures, it is a Final Default and no further notice of an opportunity to cure must be given, and   Fifth Third Bank may then proceed with state law remedies for collection of all amounts due under state law.

**CLASS 8:        First Horizon Home Loans**

First Horizon Home Loans shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees. Debtors shall continue to make monthly contractual payments at contract rate of interest until paid in full.   Debtors are surrendering the property to the lien holder in full satisfaction of the secured claim.    Pursuant to <u>11 U.S.C. § 1129(b)(2)(A)(iii)</u> the   secured creditor will realize the indubitable equivalent of its claim.   See also <u>In re Sandy Ridge Development Corp.</u>, 881 F2d 1346 (5th Cir.   1989).

**CLASS 9:        Lacks Valley Stores, Ltd.**

Lacks Valley Stores, Ltd. shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees. Debtors shall continue to make monthly contractual payments at contract rate of interest until paid in full.   Lacks Valley Stores, Ltd. shall retain the lien it has on the property and assets of the debtors.   Default under the plan ("Plan Default") shall occur if Debtors fail to make a required monthly payment to Lacks Valley Stores, Ltd. and maintain insurance in an amount that adequately protects Lacks Valley Stores, Ltd..   If "Plan Default" occurs, Lacks Valley Stores, Ltd. shall send written notice of default to Debtors' address of **AVRAHAM & ANA SCHWARTZ 1474 WEST PRICE ROAD, #604 BROWNSVILLE, TEXAS 78520** with a copy to debtors' attorney. If the Debtors fail to cure the Plan Default within twenty (20) days of the date that notice was sent, it is a Final Default under this Order.   Lacks Valley Stores, Ltd. is only required to send two notices of Plan Default, with opportunity to cure. If there is a third Plan Default after two (2) cures, it is a Final Default and no further notice of an opportunity to cure must be given, and Lacks Valley Stores, Ltd. may then proceed with state law remedies for collection of all amounts due under state law.

**CLASS 10:      T. D. Bank N.A.**

T.D. Bank, N.A. shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees.   Debtors are surrendering the property to the lien holder in full satisfaction of the secured claim.    Pursuant

to 11 U.S.C. § 1129(b)(2)(A)(iii) the   secured creditor will realize the indubitable equivalent of its claim.   See also In re Sandy Ridge Development Corp., 881 F2d 1346 (5th Cir.   1989).

## CLASS 11:    Wells Fargo Home Mortgage

Wells Fargo Home Mortgage shall have an allowed secured claim in an amount specified in its proof of claim, plus post-petition accrued interest and reasonable and necessary attorney's fees.   Debtors are surrendering the property to the lien holder in full satisfaction of the secured claim.    Pursuant to 11 U.S.C. § 1129(b)(2)(A)(iii) the   secured creditor will realize the indubitable equivalent of its claim.   See also In re Sandy Ridge Development Corp., 881 F2d 1346 (5th Cir.   1989).

## CLASS 12:    Unsecured

All remaining general unsecured claims shall receive 3% of their claim in full satisfaction, release and discharge of and in exchange for such claims, sixty (60) monthly payments, without interest.    In accordance with Section 502(b)(2) of the Bankruptcy Code, the amount of all unsecured Claims against the Debtor shall be calculated as of the Petition Date.   Except as otherwise explicitly provided herein, Section 506(b) of the Bankruptcy Code or by Final Order of the Bankruptcy Court, no holder of a Claim shall be entitled to receive postpetition interest on its Claim.   If "Plan Default" occurs, Creditor shall send written notice of default to Debtors' address of **AVRAHAM K. & ANA M. SCHWARCZ**   with a copy to Debtors' attorney. If the Debtors fail to cure the Plan Default within twenty (20) days of the date that notice was sent, it is a Final Default under this Order.   Creditor   is only required to send two notices of Plan Default, with opportunity to cure. If there is a third Plan Default after two (2) cures, it is a Final Default and no further notice of an opportunity to cure must be given, and Creditor   may then proceed with state law remedies for collection of all amounts due under state law.

## CLASS 13:    Insiders

This Class consists of claims or interests which have been excluded from participation in the distributions to be made to holders of Unsecured Claims because they are Insiders as that term is defined by the Bankruptcy Code. The members of this Class are Avraham K. & Ana M. Schwarcz. These claims will not receive dividends or distributions from the Debtor until the claims of all Creditors that are subject to this Plan who are of a higher priority are satisfied in full pursuant to the terms of the Plan, except to the extent property management or similar fees are specified by the plan.

## VI. Means Of Implementing The Plan

The Plan proposed by the Debtors is an operating plan. The Debtors intend to make the plan payments through income generated from their investments and operation of their businesses.

## VII. Distributions

**7.1    Distribution Record Date**

As of the close of business on the Distribution Record Date, the various transfer and claims registers for each of the Classes of Claims as maintained by the Debtor shall be deemed closed, and there shall be no further changes in the record holders of any of the Claims.   The Debtor shall have no obligation to recognize any transfer of the Claims occurring after the close of business on the Distribution Record Date.   The Debtors shall be entitled to recognize and deal for all purposes hereunder only with those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date, to the extent possible.

**7.2    Date of Distribution**

Except as otherwise provided herein or as ordered by the Bankruptcy Court, Distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made on the first day of the month following one full month after the Effective Date, provided however, that should such Allowed Claims be paid in the ordinary course of business, the distribution date shall be such date the Allowed Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

**7.3    Satisfaction of Claims**

Unless otherwise provided herein, any Distributions and deliveries to be made on account of Allowed Claims hereunder shall be in complete release and settlement, satisfaction, exchange and discharge of such Allowed Claims.

**7.4    Disbursing Agents**

The Disbursing Agents shall be **AVRAHAM & ANA SCHWARTZ**, and they shall not be required to give any bond or surety or other security for the performance of his duties unless otherwise ordered by the Bankruptcy Court; and, in the event that the Disbursing Agents are so otherwise ordered, all costs and expenses of procuring any such bond or surety shall be borne by

the Disbursing Agents.

**7.5      Rights and Powers of Disbursing Agents**

Powers of the Disbursing Agents.   The Disbursing Agents shall be empowered to (i) effect all actions and execute all agreements, instruments, and other documents necessary to perform his duties under the Plan, (ii) make all distributions contemplated hereby, (iii) employ professionals to represent them with respect to their responsibilities, and (iv) exercise such other powers as may be vested in the Disbursing Agents by order of the Bankruptcy Court, pursuant to the Plan, by the Confirmation Order, or as deemed by the Disbursing Agents to be necessary and proper to implement the provisions hereof.

**7.6      Delivery of Distributions to Classes**

Subject to Bankruptcy Rule 9010, unless otherwise provided herein, all Distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth on the Schedules Filed with the Bankruptcy Court or on the books and records of the Debtor or their agents, unless the Debtors have been notified in writing of a change of address, including, without limitation, by the filing of a Proof of Claim by such holder that contains an address for such holder different from the address reflected on such Schedules for such holder.

In the event that any Distribution to any holder is returned as undeliverable, no Distribution to such holder shall be made unless and until the Disbursing Agents have been notified of the then current address of such holder, at which time or as soon as reasonably practicable Distributions shall be deemed unclaimed property under Section 347(b) of the Bankruptcy Code at the expiration of the later of one (1) year from (i) the Effective Date and (ii) the date such holder's Claim is Allowed.   After such date, all unclaimed property or interest in property shall revert to the Debtors, and the Claim of any other holder to such property or interest in property shall be discharged and forever barred.   Once any Distribution to a holder is deemed to be unclaimed property, the Debtor/Disbursing Agents shall have no further obligation to make any distributions to such holder.   The Debtors and the Disbursing Agents shall have no obligation to attempt to locate any holder of an Allowed Claim other than by reviewing their books and records (including any Proofs of Claim Filed against the Debtors).

**7.7      Manner of Payment Under Plan of Reorganization**

Except as specifically provided herein, at the option of the Disbursing Agents, any Cash payment to be made hereunder may be made by a check, wire transfer, or as otherwise required or provided in applicable agreements.

**7.8**     **Withholding and Reporting Requirements**

In connection with this Plan and all Distributions hereunder, the Disbursing Agents shall, to the extent applicable, comply with all tax withholding and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions hereunder shall be   subject to any such withholding and reporting requirements.   The Disbursing Agents shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.   Notwithstanding any other provision of the Plan each holder of an Allowed Claim that is to receive a Distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding and other tax obligations, on account of such distribution.

**7.9**     **Setoffs and Recoupments**

The Debtors may, but shall not be required to, set off against or recoup from any Claim and the payments to be made in respect of such Claim (for purposes of determining the allowed amount of such Claim on which distribution shall be made), any claims of any nature whatsoever that the Debtor, the Estate may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors of any such claim of the Debtors or the Estate may have against the holder of such Claim.

## VIII. Procedures For Disputed Claims

**8.1**     **Objections to Claims**

The Debtors and their professionals shall have the authority to file, settle, compromise, withdraw or litigate to judgment, objections to Claims.   Any objections to Claims shall be served and Filed on or before the later of : (i) sixty (60) days after the Effective Date; or (ii) such other date as may be fixed by the Bankruptcy Court, whether fixed before or after the date specified in clause (i) hereof.   Notwithstanding any authority to the contrary, an objection to a Claim shall be deemed properly served on the Claimant if service is effected in any of the following manners: (a) in accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004; (b) to the extent counsel for a Claimant is unknown, by first class mail, postage prepaid, on the signatory on the Proof of Claim or other representative identified in the proof of claim or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Reorganization Case.   From and after the Effective Date, the Debtor may settle or compromise any Disputed Claim without approval of the Bankruptcy Court.

Avraham & Ana Schwarcz

**8.2      Amendments to Claims**

A Claim may be amended prior to the Confirmation Date only as agreed upon by the Debtors and the holder of such Claim, or as otherwise permitted by order of the Bankruptcy Court. After the Confirmation Date, a Claim may not be amended without the authorization of the Bankruptcy Court.   Any amendment to a Claim Filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Debtors, or the Estate, unless the Claim holder has obtained, prior to filing the amendments, Bankruptcy Court authorization for the Filing of such amendment.

**8.3      Payments and Distributions with Respect to Disputed Claims**

Notwithstanding any other provision hereof, if any portion of a Claim is a Disputed Claim, no payment or Distribution provided hereunder shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

**8.4      Distributions After Allowance**

After such time as a Disputed Claim becomes an Allowed Claim, the Disbursing Agents shall distribute to the holder thereof the Distributions, if any, to which such holder is then entitled under the Plan in accordance with the provisions hereof.   In respect of such Disputed Claims, such Distributions shall be made prior to or on the Final Distribution Date.

**8.5      Attorney's Fees**

The prevailing party in an objection to a claim has the right to reasonable attorney's fees and costs incurred in prosecution or defense of the objection from the objecting or defending party as the case may be to the extent the claim is based on a contract under Texas state law.

**8.6      Estimation of Claims**

For purposes of calculating and making Distributions under the Plan, the Debtors shall be entitled to estimate, in good faith, and with due regard to litigation risks associated with Disputed Claims, the maximum dollar amount of Allowed and Disputed Claims, inclusive of contingent and/or unliquidated Claims in a particular Class.   The Debtors also shall be entitled to seek one or more Orders from the Bankruptcy Court estimating Claims for such purposes.   Such procedures may also be utilized for any Class of Claims.   Appropriate Disputed Claims reserves shall be

calculated for each Class of Claims as to which estimates are utilized or sought.   The Disbursing Agents shall not be obligated to physically segregate and maintain separate accounts for reserves. Reserves may be merely bookkeeping entries or accounting methodologies, which may be revised from time to time, to enable the Disbursing Agent to determine : (i) reserves and (ii) amounts to be paid to parties in interest.

**8.7    No Recourse**

Notwithstanding that the allowed amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or is allowed in an amount for which after application of the payment priorities established by this Plan there is insufficient value to provide a recovery equal to that received by other holders of Allowed Claims in the respective Class, no Claim holder shall have recourse against the Disbursing Agents, the Debtors the Estate or any of their respective professionals, consultants, officers, directors, or members of their successors or assigns, or any of their respective property.   However, nothing in the Plan shall modify any right of a holder of a Claim under Section 502 of the Bankruptcy Code. THE ESTIMATION OF CLAIMS AND ESTABLISHMENT OF RESERVES UNDER THE PLAN MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS.

## IX.   Confirmation

**9.1    Classes Entitled To Vote**

Each impaired class of Claims or Equity Interests shall be entitled to vote separately to accept or reject the Plan.   Any unimpaired class of Claims or Equity Interests shall not be entitled to vote to accept or reject the Plan.

**9.2    Class Acceptance Requirement**

A class of Claims shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (½) in number of the Allowed Claims of such class that have voted on the Plan.   A class of Equity Interests shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount of the Allowed Equity Interests of such class that have voted on the Plan.

**9.3    Acceptance of the Plan And Binding Effect of Impaired Designation**

Creditors holding Claims included in the Classes of Claims under the Plan (except for

Avraham & Ana Schwarcz

Classes that are unimpaired) shall be requested to accept or reject the Plan.  If any Class of Creditors fails to accept the Plan by the requisite majorities in number and amount required under 11 U.S.C. §1126, the provisions of 11 U.S.C. §1129(b) will be invoked at the Confirmation Hearing in order to secure Confirmation of the Plan.  The scheduling of a Claim or Class of Claims as impaired shall not bind the Debtor so as to require voting by such Class in the event that the Bankruptcy Court shall determine that such Claim is, in fact, not impaired.

**9.4      Cramdown**

In the event that any impaired class of Claims or Equity Interests shall fail to accept the Plan in accordance with 11 U.S.C. §1129(a) the debtor reserves the right to request that the Bankruptcy Court confirm the Plan, and any of the separate plans contained herein, in accordance with 11 U.S.C. §1129(b).

## **X.   Effect Of Confirmation**

**10.1      Vesting of Assets**

On the Effective Date, pursuant to Sections 1141 (b) and (c)of the Bankruptcy Code, all property of the Estate shall vest in the Debtors free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as provided herein.  Except as may otherwise by ordered by the Bankruptcy Court, the Debtors shall have the right to cause any property of the Estate to vest in the Debtors.  From and after the Effective Date, the Debtors may operate their business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending cases under any chapter of the Bankruptcy Code, except as provided herein.

**10.2      Binding Effect**

Upon and after the date of the Order Confirming Plan, the provisions of the Plan shall: (i) bind the debtors and all creditors whether or not any Creditor is impaired under the Plan, or has accepted the Plan, or has voted on the Plan, or holds an Allowed Claim, or has otherwise participated in this Chapter 11 case or had actual notice of this Chapter 11 case.

**10.3      Discharge of Claims**

Except as otherwise provided herein or in the Confirmation Order, the rights afforded in

this Plan and the payments and distributions to be made hereunder shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and Claims of any kind, nature or description whatsoever against the Debtors, or the Debtors-In-Possession or any of their respective assets or properties; and upon the Effective Date, all existing claims against the Debtors, or Debtors-In-Possession shall be, and are deemed to be, exchanged, satisfied, discharged and released in full;  and all holders of Claims shall be precluded from asserting against the Debtors or their assets or properties any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder filed a proof of claim.

## 10.4    Term of Injunctions or Stays

Unless otherwise provided, all injunctions or stays arising prior to the Confirmation Date in accordance with Section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date or such later date as provided under applicable law.

## 10.5    Injunction Against Interference With Plan

Upon the entry of the Confirmation Order, all holders of Claims and Membership Interests and other parties in interest, along with their respective present or former affiliates, employees, agents, professionals, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan of Reorganization, except for the filing of any timely appeal or motion seeking a stay of the Confirmation Order.

## 10.6    Injunction

Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against the Debtors, the Estate, properties of the Estate or proceeds of said property are, with respect to any such Claims, specifically permanently enjoined and restrained from commencing, conducting or continuing any action or proceeding against the Debtors upon such Claims, including, but not limited to (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation) any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estate, properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons based upon such Claims; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order against the Debtors, the Estate,

Avraham & Ana Schwarcz

properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estate, properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (iv) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due the Debtors, the Estate, properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, the foregoing Persons; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

**10.7     Discharge of Debtors**

Confirmation of the Plan shall discharge and fully satisfy, pursuant to and so provided by 11 U.S.C. § 1141(d) of the Bankruptcy Code, and as provided contractually pursuant to the terms of the Plan, all Debts, liabilities, and obligations of the Debtors (including all penalties, fines or forfeitures, and damages) that arose before the Confirmation Date, except as otherwise specifically provided in the Plan or the Order Confirming Plan, whether or not such Claim is Allowed or paid pursuant to this Plan.   Upon Confirmation, the Plan shall Discharge all Debts (as defined in 11 U.S.C. § 101) and all Claims against, and liabilities of, the Debtors which are Dischargeable by Debtors in a case under 11 U.S.C. §101, et seq. by statute or by law applicable to Title 11, U.S.C., and in a Chapter 11 Case, or by contract with a Creditor.   All Creditors and Persons will continue to be stayed and enjoined from proceeding against the Debtors and their assets pursuant to 11 U.S.C.§ 524.   Upon Confirmation, title to all exempt assets of the Debtors and the Debtors in Possession shall be retained by and revested in the Debtor, free and clear of all claims, liens, security and equitable interests, except as specifically set forth in this Plan.   The Order Confirming Plan shall be a judicial determination of, and a contract for, the discharge of the liabilities of and Claims against the Debtors.

Whether or not a Creditor has filed a Claim, and whether or not a timely filed Claim is an Allowed Claim, the provisions for any consideration distributed, or to be distributed, under the Plan shall be in exchange for, and in complete satisfaction of, the discharge, and release of all Claims of any nature whatsoever against the Debtors or any of their assets or properties; except as otherwise provided herein, upon the Effective Date, the debtors shall be deemed discharged and released to the extent permitted by 11 U.S.C. §1141 of the Bankruptcy Code and the provisions of this Plan from any and all Claims, including but not limited to demands and liabilities that arose before the Effective Date, and all debts of the kind specified in section 502(g), 502(h), or 502(I) of the Bankruptcy Code, whether or not (a) a proof of claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under section 502 of the Bankruptcy Code; or (c) the holder of a Claim based upon such debt has accepted the Plan.   The Confirmation Order shall be a judicial determination of discharge of all liabilities of any and all of the Debtors.   As provided in Section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtors at any time obtained to the extent it relates

to a Claim discharged, and operates as an injunction against the prosecution of any action against the Debtors or property of the Debtors to the extent it relates to a Claim discharged.

**IT IS THE INTENTION OF THIS PLAN THAT ONCE CONFIRMATION OCCURS, THE DEBTOR WILL BE FULLY, FINALLY, AND COMPLETELY DISCHARGED FROM  ALL LIABILITIES INCLUDING CLAIMS AND DEBTS AND SHALL BE REVESTED WITH ALL PROPERTY OF THE ESTATE AS HEREIN PROVIDED.**

## XI.   Modification Of Plan

### 11.1    Prior to Confirmation

The debtors may propose amendments or modifications to this Plan at any time prior to the entry of the Order Confirming Plan, with leave of the Court and upon notice to parties in interest as may be deemed necessary by the Court.

### 11.2    After Confirmation

After the date of the entry of the Order Confirming the Plan, debtors may, with approval of the Court and so long as it does not materially or adversely affect the interest of Creditors, remedy any defects or omissions or reconcile any inconsistencies in the Plan or in the Order Confirming the Plan in such a manner as may be necessary to carry out the purpose and effect of the Plan. After the date of the entry of the Order Confirming the Plan, the debtors may modify the Plan at any time after Confirmation and before the Effective Date, and except as provided in this article, may not modify the Plan so that, as modified, it fails to meet the requirements of Chapter 11 of the U.S. Bankruptcy Code.   The plan as modified becomes the Plan only if circumstances warrant the modification and the Court, after notice and a hearing, confirms the Plan as modified under 11 U.S.C. §1129.

### 11.3    Determination of Non-Enforceability of Any Material Provision of this Plan

Except to the extent that any provision of this Plan is declared unenforceable by Final Order with impairs, in any respect, the Discharge granted in this Plan, no provision of this Plan found by Final Order to be unenforceable shall impair the enforcement of any other provision of this Plan or the Discharge herein provided.   Notwithstanding any provision herein to the contrary, to the extent that any Final Order provides that any provision of this Plan shall impair the Discharge granted herein, provided.   Notwithstanding any provision herein to the contrary, to the extent that any Final Order provides that any provision of this Plan shall impair the Discharge granted herein, then at the sole written and timely election of the debtor, and only in such event, the Confirmation of this Plan shall be deemed revoked, and the debtor shall have the right to propose

and amended or modified Plan curing such unenforceable provision shall be filed within sixty (60) days of the entry of such Final Order.

## XII.   Miscellaneous Provisions

### 12.1    Compliance with Tax Requirements

In connection with the Plan, the Debtors shall comply with all withholding and reporting requirements imposed by federal, state, local and foreign taxing authorities and all distributions hereunder shall be subject to such withholding and reporting requirements.

### 12.2    Compliance with All Applicable Laws

If notified by any governmental authority that it is in violation of any applicable law, rule, regulation, or order of such governmental authority relating to its business, the Debtors shall comply with such law, rule, regulation, or order; provided that nothing contained herein shall require such compliance by the Debtors if where the legality or applicability of any such requirement is being contested in good faith in appropriate proceedings by the Debtors, and, if appropriate, for which an adequate reserve has been set aside on the books of the Debtors.

### 12.3    Setoffs

Subject to the limitations provided in section 553 of the Bankruptcy Code, the Debtors may, but shall not be required to, set off against any Claim and the payments or other distributions to be made pursuant to the Plan in respect of such Claim, Claims of any nature whatsoever the Debtors may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such Claim that the Debtors may have against such holder.

### 12.4    Recognition of Guarantee Rights

The classification of any manner of satisfying all Claims under the Plan take into consideration the fact that the Debtors may be a joint obligor with another Person or Persons with respect to the same obligation.   All Claims against the Debtors based upon any such guarantees or joint obligations shall be discharged in the manner provided in the Plan.

### 12.5    Individual Debtors

Avraham & Ana Schwarcz

In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan–

(A)  the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

## XIII.   Releases & Alterations Of The Rights Of, <br> & Respect To Third Parties

### 13.1    Releases of Liens, Claims and Causes of Action

All Creditors of the Debtors receiving payment or distributions pursuant to the Plan in consideration for the promises and obligations of the debtors under the Plan, shall be deemed to have waived, released, discharged all rights or claims which they had or might have had against the debtor.

### 13.2    Allowed Secured Claims

The lien securing any Allowed Secured Claim shall be deemed to be released and discharged in its entirety when the Allowed Secured Claim secured by such lien has been paid in full in accordance with the provisions of this Plan, and as may be limited by the provisions of this Plan.   Upon such payment in full, the holder of such Allowed Secured Claim shall execute and deliver such instruments as may be reasonably requested by the debtor in order to reflect such release and discharge on the appropriate land or public filing records.

### 13.3    Release of Judgment Liens

The Order confirming the Plan shall constitute a release and discharge of all judgment liens against any Property, Creditor Asset, or asset of the debtor or the Bankruptcy Estate.   A certified copy of the Confirmation Order, shall constitute a release of any such judgment lien, or, at its sole discretion, the debtor may demand and obtain from any judgment lien holder, at the cost and expense of the debtor, a release of such judgment lien in recordable form.   If after a reasonable request is made, any creditor who refuses or fails to execute said release, all costs (attorney's fees, filing fees, etc.) to enforce this process shall be born by the creditor who refused.

**13.4    Guarantees; Indemnities; Notes; Bonds; Etc.**

All Claims and causes of action based upon guarantees of collection, payment or performance, indemnity or performance bonds, promissory notes, or other similar undertakings made or given by the debtors as to the obligations or performance of another or of any other person shall be discharged, released and of no further force and effect, except as otherwise provided in this Plan.

**13.5    Release Upon Payment and Discharge**

All consideration and payments provided under this Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims, Debts, and liabilities of any nature whatsoever against the Debtors or any of their assets or properties effective on the Effective Date. Except as may be otherwise provided herein, at the Confirmation Date all Claims against the Debtors shall be satisfied, Discharged, and released in full; and all claimants, holders of Claims and all Creditors shall be precluded from asserting against the Debtors, their assets, properties, or interests held by it, any Claim or future Claim based upon any transaction arising on or prior to the Confirmation Date.

**13.6    Releases**

All creditors of the Debtors receiving payment or distributions pursuant to the Plan, in consideration for the promises and obligations of the Debtors under the Plan, shall be deemed to have waived, released, and Discharged all rights or Claims which they had or might have had against the Debtors, except those expressly set out herein, unless otherwise ordered by this Court in the Confirmation Order.

**13.7    Exculpations**

To the fullest extent permissible under all applicable law, the Debtors and their current officers, directors, members, managers, agents, representatives  for same shall neither have nor incur any liability to any entity including, specifically, any holder of a Claim or Interest for any act taken or admitted to be taken in connection with or related to the prosecution of this Chapter 11 Case, the formulation, preparation, dissemination, implementation, Confirmation or consummation of any Plan, any Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document created or entered into, or any other act taken or omitted to be taken in connection with the Chapter 11 Case, any settlement agreement, purchase offer (whether accepted or rejected), any Plan, any Disclosure Statement, or the Confirmation Order, including solicitation of acceptance of any Plan.  No portion of such exculpation shall apply to any officer, director, or employee of the Debtors, or their representatives, that held any such position prior to **October 1,   2010.**
Avraham & Ana Schwarcz

## XIV.   Authorization & Proponents

This Plan is proposed by the Debtors as Debtors in Possession in this Reorganization Case for Confirmation by the Court pursuant to 11 U.S.C. §1121 and to the extent required to accomplish Confirmation, the Debtors as Debtors in Possession and proponent of this Plan, moves by filing and prosecution of the Confirmation of this Plan, to invoke the provisions of 11 U.S.C. §1129(b).   This Plan is filed in good faith as required by the Bankruptcy Code.   This Chapter 11 case has been filed and prosecuted in good faith.

## XV.   Jurisdiction Of The Court

The Court will retain jurisdiction until this plan is fully consummated including but not limited to the following purposes:

The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditor's claims for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to objection to, or re-examine the claim in whole or in part.

Determination of parties' claims as secured or unsecured, including valuation hearings under §506 of the Bankruptcy Code.

Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the debtor and any other party, including, but not limited to, any right of the Debtor to recover assets pursuant to the provision of Title 11 of the United States Code or the determination of tax liabilities under §505 of the Bankruptcy Code.

The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this plan or the order of confirmation as may be necessary to carry out the purpose and intent of this plan.

The modification of this plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

To enforce and interpret the terms and conditions of this plan.

Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as the court may deem proper.

Avraham & Ana Schwarcz

## XVI. Notices

Notices required to be given hereunder shall be given by Certified Mail, Return Receipt Requested, as follows:

To Debtor                   Avraham K. & Ana M. Schwarcz
                            1474 W. Price Road # 604
                            Brownsville, Texas 78520


With a copy to:             Malaise Law Firm
                            1265 N. Expressway 83
                            Brownsville, Texas 78520


## XVII.   Execution & Signatures

This Plan is proposed by the Debtors in good faith, in compliance with the Bankruptcy Code, it should be confirmed, and executed   January 14, 2011.

Respectfully submitted,


/s / Avraham K. Schwarcz
Avraham K. Schwarcz


/s / Ana   Schwarcz
Ana Schwarcz


of Counsel:
Malaise Law Firm

by:        /s/ Eduardo V. Rodriguez
           Eduardo V. Rodriguez
           State Bar No. 00795621
           Federal I.D. No. 19945
           1265 N. Expressway 83
           Brownsville, Texas 78521
           Tel. 956-547-9638
           Fax. 956-547-9630
           email (evr@malaiselawfirm.com)
           Counsel for Debtors

Avraham & Ana Schwarcz
K:\233\233169\Plan of Reorganizationwpd.docx                Page 29 of 29