

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
04/06/2011

IN RE: AVRAHAM K SCHWARCZ,    *    CASE NO. 10-10675-B-11
        ANA M SCHWARCZ
        Debtors

                                     *    CHAPTER 11 PROCEEDING

**AGREED ORDER
CONFIRMING PLAN
(Resolving Docket # 56)**

ON THIS DAY came on to be considered confirmation of Debtors' Plan of Reorganization filed on January 17, 2011.

After notice and hearing, this Court hereby finds the following:

That the plan complies with the applicable provisions of Chapter 11 of the Code;

That the proponents of the plan have complied with the applicable provisions of the code and shall pay the final United States Trustee's fees within ten (10) days of the date that this Order shall be entered;

That the plan has been proposed in good faith and not by any means forbidden by law;

That any payment made or promised by the Debtors for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, have been approved by the Court, or is subject to the approval of the Court as reasonable;

With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan or will receive or retain under the plan on account of

Page 1 of 7

claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7;

The identity and affiliations of any insider or individual who will be employed or retained by the Debtors as officer or director and the compensation for such insider or individual have been fully disclosed;

Confirmation of the plan being proposed by the Debtors is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors, or the successor of the Debtors under the plan;

As to all Executory Contracts to be assumed, assigned or ratified by the Debtors, Debtors have provided adequate assurance of future performance of such Executory Contracts;

The Plan is in the best interests of all Creditors and is feasible; and that the plan of the Debtors does not discriminate unfairly. It is therefore:

ORDERED:

The Plan and its provisions shall be binding upon:

(a) The Debtors

(b) Any creditor or equity security holders of Debtors, whether or not the Claim or Interest of such Creditor or Equity Security holder is impaired under the Plan or whether or not such Creditor, Equity Security holder or entity has accepted the Plan.

Notwithstanding any otherwise applicable non-bankruptcy law, rule or regulation relating to financial condition, the Debtors and any entity organized for the purpose of carrying out the

Plan shall carry out the Plan, and shall comply with any orders of the Court in connection therewith.

The Debtors are authorized and directed to pay all Allowed Claims in accordance with the terms of the Plan.

Any claim for rejected contracts, if not already filed must be filed within fifteen (15) days after the Effective Date or be forever barred. All Creditors or Claimants, and persons claiming or having any interest of any nature (except as hereinafter specifically outlined) in the property or assets of the Debtors, wherever situated, are perpetually enjoined and stayed from pursing or attempting to pursue, or commencing any suits or proceedings at law, in equity or otherwise, against the Debtors, or against property or assets of the Debtors, except with respect to a claim, right, or interest arising out of the Plan or this Order, unless such action is pursued before the Bankruptcy Court. Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against the Debtor, the Estate, properties of the Estate or proceeds of said property are, with respect to any such Claims, specifically permanently enjoined and restrained from commencing, conducting or continuing any action or proceeding against the Debtor upon such Claims, including, but not limited to (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation) any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, the Estate, properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, any of

Avraham & Ana Schwarcz
K:\233\233169\Confirmation Order97-03.doc

the foregoing Persons based upon such Claims; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order against the Debtor, the Estate, properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Estate, properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (iv) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, the Estate, properties of the Estate or proceeds of said property, or any direct or indirect transferee of any property of, or successor in interest to, the foregoing Persons; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

All pre-petition Claims and/or interests not filed or otherwise Allowed (by operation of the Bankruptcy Code or Court Order) prior to the Bar Date, and not previously barred by Order of the Court, are hereby barred.

The Plan, as confirmed, adopts and incorporates the terms and provisions contained within the Agreements and the Court does hereby expressly authorize and direct the Debtors to consummate any and all transactions necessary to implement the Agreements, and the Court otherwise approves the Agreements, as part of this confirmation process, thereby incorporating the terms and conditions contained within the Agreements as part of this Order for Confirmation.

Avraham & Ana Schwarcz
K:\233\233169\Confirmation Order97-03.doc

This Court reserves jurisdiction of this case after Confirmation to make, from time to time, such Orders in aid of consummation of the Plan, as it deems property, or as otherwise provide by in the Plan, and particular, to interpret and resolve any dispute which may exist between the Debtors and any other party.

All objections to confirmation are hereby denied.

Except as otherwise provided in the Plan, all claims and causes of action held by the Debtors in this case are hereby preserved and retained for enforcement by the Debtors.

All professional persons authorized to represent the Debtors shall continue to serve in their respective capacities, but shall not be required to file fee applications for post confirmation services.

The Estate shall remain open until the Debtors shall file the final report and shall seek a closing of the estate for administrative purposes.

It is therefore:

The Debtors Plan of Reorganization filed on January 17, 2011, is CONFIRMED with the following Amendments:

**CLASS 12:** Notwithstanding anything that could be interpreted to the contrary in the Plan concerning the treatment of **Surfside II Condominiums Owners Association and Parklane Condominium Owners Association,** said claims are allowed as Class 12 claims and shall be treated as such under the Debtors' plan of reorganization. As to the following properties: Unit 305, Parklane Condominiums, Town of South Padre island, Cameron County, Texas and associated common areas; Unit 110G, Surfside II Condominiums, Town of South Padre island,

Cameron County, Texas and associated common areas; Unit 107G Surfside II Condominiums, Town of South Padres Island, Cameron County, Texas All of which are to be surrendered under the Plan, the Automatic Stay of 11 USC 362 and any post-confirmation discharge shall not prohibit the foreclosure of any lien on said properties by either the mortgage holder or by any holder of a condominium assessment lien.

All United States Trustee Quarterly Fees due and owing on the date of confirmation shall be paid in full on the effective date of the plan;

The Debtors shall be responsible for timely payment of fees incurred post-confirmation until the case is closed;

The Debtors shall file the monthly operating reports in the same format as pre-confirmation, with service on the United States Trustee for each month (or portion thereof) the case remains open.

Order Submitted by:
Eduardo V. Rodriguez
Fed. I.D. No. 19945
State Bar No. 00795621
MALAISE LAW FIRM
1265 North Expressway 83
Brownsville, TX 78521
Phone: (956) 547-9638
Facsimile: (956) 547-9630
Counsel for Debtor

AGREED AS FOR FORM AND SUBSTANCE

/s/ Eduardo V. Rodriguez
Eduardo V. Rodriguez
Fed. I.D. No. 19945
State Bar No. 00795621
MALAISE LAW FIRM

/s/ Avraham K. Schwarcz
Avraham K. Schwarcz

/s/ Ana M. Schwarcz
Ana M. Schwarcz

Page 6 of 7

Avraham & Ana Schwarcz
K:\233\233169\Confirmation Order97-03.doc

1265 North Expressway 83
Brownsville, TX 78521
Phone: (956) 547-9638
Facsimile: (956) 547-9630
Counsel for Debtor

/s/ Andrew Karl Rozell
Andrew Karl Rozell
Attorney at Law
323 E Jackson
Harlingen, TX 78550
956-428-1282
956-428-6595 (fax)
akrlaw@xanadu2.net
Counsel for Parklane Homeowners Association
Surfside II Condominium Homeowners Association

DATED: April 6, 2011

HON. RICHARD S. SCHMIDT
U. S. BANKRUPTCY JUDGE

Avraham & Ana Schwarcz
K:\233\233169\Confirmation Order97-03.doc